**Donald A. Vaughn, Esq. (Bar No. 110070)**
**Micah Myrmo, Esq. (Bar No. 249101)**
**VAUGHN & VAUGHN**
**501 West Broadway, Suite 750**
**San Diego, CA 92101**
**Telephone: (619) 237-1717**
**Facsimile: (619) 237-0447**

Attorneys for Plaintiff DON MANUEL FOODS, LLC, a Nevada limited liability company

FILED
'08 MAR 14 AM 11:06
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: CP DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DON MANUEL FOODS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MANUEL CISNEROS ROMERO, an individual; BERTHA ALICIA SALCEDO LOPEZ, an individual; OPERADORA de COCINAS En MEXICO S.A. de C.V., a business entity; MIGUEL LANZ, an individual,<br><br>Defendants. | Case No. '08 CV 0475 J WMc<br><br>**COMPLAINT FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND EQUITABLE RELIEF FOR:**<br>**(1) INTENTIONAL FRAUD, DECEIT AND MISREPRESENTATION;**<br>**(2) BREACH OF CONTRACT;**<br>**(3) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br>**(4) SPECIFIC PERFORMANCE;**<br>**(5) CONSTRUCTIVE TRUST;**<br>**(6) TEMPORARY RESTRAINING ORDERS;**<br>**(7) PRELIMINARY INJUNCTION; AND**<br>**(8) PERMANENT INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

FOR CAUSES OF ACTION AGAINST DEFENDANTS, and each of them, Plaintiff alleges:

**I.**

**JURISDICTION AND VENUE**

1. The instant action is between a U.S. Citizen and foreign nationals concerning a dispute in which the amount in controversy exceeds $75,000, thereby conferring jurisdiction upon this Court pursuant to 28 U.S.C. § 1332(a).

///

2. Because Plaintiff has its principal place of business within the Southern District of California, because the majority of the activities giving rise to this lawsuit took place within the Southern District of California, and because Defendants are subject to personal jurisdiction in this District, venue is proper within the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(a)(2) and (3).

3. Defendants have irrevocably stipulated to personal jurisdiction in the United States District Court for the Southern District of California and, in addition, both took actions within this judicial District, and acted in other locations in a fashion designed to cause a material effect within this District, and upon Plaintiff, specifically. Further, Defendants purposefully availed themselves of the benefits and privileges of conducting business within the United States, and within the Southern District of California specifically, in numerous ways including, but not limited to: (1) entering into an Exclusive Distribution Agreement, (2) traveling to the Southern District of California on numerous occasions to obtain money, and (3) conspiring to commit the tortious activities directed toward Plaintiff and its members, all of whom are citizens of the United States.

## II.

## PRELIMINARY ALLEGATIONS

4. Except where expressly indicated to the contrary, all allegations of the within pleading are necessarily set forth on information and belief, under the doctrine of Alternative Pleading, and without prejudice to the averment, amendment, and/or proof of any contrary, contradictory, inconsistent, or supplemental allegation. No claim, count, allegation, or request for relief herein is intended to be, nor shall it constitute, an election of remedies, all of which shall remain fully viable notwithstanding the presence of any alternative, contradictory, or inconsistent remedy or request for relief set forth in the within pleading.

5. Each Defendant herein was the principal, agent, employer, employee, master, servant, partner, joint venturer, co-conspirator, alter ego, parent and/or subsidiary of each other Defendant and at all times herein mentioned acted within the course and scope of such relationship/and or advance authority and authorization for each act or omission by each

Defendant herein. In the alternative, Plaintiff alleges that each Defendant herein acted outside the scope of such relationship. Only appropriate discovery, and perhaps proof at time of trial, will allow determination of the presence, absence, scope and parameters of such relationship which renders each Defendant liable for the acts and/or omissions of each other Defendant. In the alternative, Plaintiff alleges that each Defendant intentionally or impliedly ratified, adopted, and/or approved the tortious or other illegal conduct of each other Defendant herein, thereby rendering each Defendant liable for said acts and/or omissions of such other Defendant or Defendants.

## III.

## PARTIES TO THE ACTION

6. Plaintiff DON MANUEL FOODS, LLC, a Nevada limited liability company ("DMF" or "Plaintiff") is a limited liability company organized and existing pursuant to the laws of the State of Nevada, in the United States of America. DMF's principal place of business is located within the County of San Diego, State of California.

7. Defendant MANUEL CISNEROS ROMERO ("MANUEL CISNEROS") is, according to Plaintiff's information and belief, a citizen of the Republic of Mexico who resides in or around the City of Ensenada in the State of Baja California. MANUEL CISNEROS (together with his co-conspirators, agents, independent contractors, and employees) operated and promoted a business enterprise known as "Don Manuel" or "Don Manuel Foods" and by various other names (collectively, the "Don Manuel Enterprise"). The Don Manuel Enterprise produces products in Mexico, marketing them both in Mexico and the United States of America including, but not limited to, the State of California.

8. Defendant BERTHA ALICIA SALCEDO LOPEZ ("BERTHA") is, according to Plaintiff's information and belief, a citizen of the Republic of Mexico who resides in or around the City of Ensenada in the State of Baja California.

9. Defendant OPERADORA de COCINAS EN MEXICO S.A. de C.V. ("OPERADORA") is, according to Plaintiff's information and belief, a Mexican business entity known as a *sociedad anonima*. OPERADORA is domiciled in Baja California, and is

one of the entities which MANUEL CISNEROS and his co-defendants use to conduct the Don Manuel Enterprise in Mexico and the United States including, but not limited to, California and, more specifically, within the County of San Diego. MANUEL CISNEROS is, according to Plaintiff's information and belief, the President of OPERADORA. BERTHA is, according to Plaintiff's information and belief, the Secretary of OPERADORA.

10. Defendant MIGUEL LANZ PAREDES ("LANZ") is, and at all times herein mentioned was, a citizen of the Republic of Mexico. LANZ is, according to Plaintiff's information and belief, listed as holding a position on the Governing Board of OPERADORA.

## IV.

## BACKGROUND OF DEFENDANTS' FRAUDULENT SCHEME

11. The instant lawsuit arises from Defendants fraudulently inducing Plaintiff and its principals to invest and/or loan them more than one million dollars in reliance upon numerous promises and representations pertaining to the Don Manuel Enterprise. Despite Defendants receiving the benefit of Plaintiff's funds in excess of one million dollars, Defendants have failed and refused to honor their promises (described in more detail below), instead continually demanding more and more money from Plaintiff.

12. The initial product Defendants represented they would produce for distribution by Plaintiff in the United States and elsewhere is a prepackaged stew composed of beef and other ingredients, known as *birria*.

13. In order to secure the rights and other necessary components for distribution of *birria* in the United States, the parties formed Plaintiff DMF and, after many refusals to honor their initial commitments, Defendants executed an Operating Agreement for Plaintiff LLC effective as of July 11, 2007 (the "Operating Agreement"). The Operating Agreement, *inter alia*, specified that Plaintiff would have exclusive rights to market and distribute, in the United States and Canada, the products produced by the Don Manuel Enterprise and, further, that Plaintiff would also own any proprietary recipe or formula currently or in the future developed by Defendants for *birria* and other products. The Operating Agreement also

specified the within jurisdiction as the exclusive venue for resolution of disputes, and further specified that all parties irrevocably consented to such jurisdiction. The Operating Agreement also recited that the provisions thereof where specifically enforceable in a court of law and, additionally, that the prevailing party in any such dispute would be entitled to reasonable attorney's fees.

14. The parties subsequently signed a Distributor Agreement (the "Distributor Agreement") reiterating Plaintiff's exclusive distribution arrangement covering the United States and Canada, for all products created by the Don Manuel Enterprise. The Distributor Agreement, among other things, also recited that the within federal district was the sole appropriate venue for dispute resolution, and that each party irrevocably submitted to jurisdiction of this court. The Distributor Agreement also contained a clause entitling the prevailing party in any such dispute to reasonable attorney's fees and costs.

15. In early January of 2008, the parties signed an Amended and Restated Operating Agreement for Don Manuel Foods, LLC (the "Restated Operating Agreement"). The Restated Operating Agreement again reiterated Plaintiff's exclusive territory for marketing and distribution of products of the Don Manuel Enterprise and Plaintiff's ownership of any proprietary recipes/formula currently or in the future developed by Defendants with regard to packed or canned Mexican food products. Indeed, a portion of the capital contribution of Defendant MANUEL CISNEROS was the *birria* recipe. The Restated Operating Agreement, like the other documents referenced herein, prescribed exclusive jurisdiction over disputes to courts located within the Southern District of California, contained an irrevocable submission to said jurisdiction, also set forth the parties' agreement that the terms thereof were specifically enforceable, and contained a similar attorney fee provision providing for an award of attorney's fees and costs to the prevailing party.

16. On or about January 14, 2008, Plaintiff and Defendants signed a document entitled Memorandum of Understanding (the "MOU") which reiterated numerous prior terms of agreement including, but not limited to, a requirement that Plaintiff and/or Plaintiff's principals receive, in addition to other consideration, a 19.5 percent ownership stake in

Defendant OPERADORA, evidenced by proper issuance of capital stock in their names. The MOU also required, again, that the recipe for *birria* in specific terms be delivered to one of Plaintiff's members, to be released to Plaintiff if certain conditions were met. The MOU also, by its terms, subjected the parties to jurisdiction of the United States courts for resolution of any disputes.

17. Despite their obligations to do so, Defendants have not honored the multiple oral and written promises they made in order to induce Plaintiff and its principals to give them the more than $1,000,000 in United States currency they have received. In fact, pursuant to a preconceived plan, agreement, and conspiracy among and between two or more of them, the individual Defendants have prevented the issuance of required stock in OPERADORA, despite actually, fraudulently, and knowingly purporting to issue stock in OPERADORA which Defendants, and each of them, knew was invalid and ineffective. Further, Defendants have refused to deposit the formula for *birria* as required, and have refused to honor Plaintiff's exclusive distribution rights, actually marketing and distributing products in the United States in contravention of Plaintiff's exclusive distribution rights. Plaintiff is informed and believes that Defendants have not only actually violated Plaintiff's exclusive distribution rights, but continue to seek new outlets so that said violations of Plaintiff's exclusive distribution rights can be multiplied and increased.

## V.

## FIRST CLAIM FOR RELIEF

Intentional Fraud, Deceit, And Misrepresentation

(Against Defendants Manuel Cisneros, Bertha, Operadora, and Lanz)

18. Plaintiff realleges and incorporates by reference all preceding allegations of the within complaint as if each such allegation was set forth again at this place in *haec verba*.

19. As alleged hereinabove, and incorporated herein, Defendants made written promises to Plaintiff, and its principals, which Defendants never intended to perform. In addition, and without limitation, Defendants represented to Plaintiff and its principals that the

purported stock in OPERADORA issued in accordance with Defendants' promises was valid, effective, and legal.

20. Defendants' aforementioned representations, promises, commitments, and warranties were made by Defendants to Plaintiff herein with the intent that Plaintiff would accept, rely upon, believe, and act upon them.

21. Defendants' promises, commitments, representations, warranties, and expressions of intent were false when Defendants made them, and Defendants knew them to be false at the time. Specifically, and without limitation, Defendants had no intention of issuing true, legal, and effective shares in OPERADORA, no intention to honor Plaintiff's exclusive distribution rights, and no intention to convey the recipe for *birria*, as required.

22. Plaintiff, however, was unaware of the falsity of Defendants' promises, representations, expressions of intent, commitments, and warranties.

23. Plaintiff relied upon Defendants' promises, representations, expressions of intent, commitments, and warranties, and said reliance was reasonable under the circumstances.

24. As a legal result of Defendants' misrepresentations, Plaintiff and its principals have been damaged in sums to be proven at time of trial.

25. Defendants' representations, promises, commitments, warranties, and expressions of intent were fraudulent, and were made for the sole purpose of obtaining Plaintiff's funds under false pretenses. Defendants' conduct was, therefore, malicious, fraudulent, and oppressive, thereby entitling Plaintiff to an award of punitive damages in a sum sufficient to punish Defendants for their despicable conduct, and deter future repetitions of same.

///

///

///

///

///

## VI.

## SECOND CLAIM FOR RELIEF

Breach Of Contract

(Against Defendants Manuel Cisneros, Bertha, Operadora, And Lanz)

26. Plaintiff realleges and incorporates by reference all allegations of its First Claim for Relief as if each such allegation was set forth again at this place in *haec verba*.

27. Plaintiff expressly reserves the right to contend that any written agreements alleged herein to have been entered into with Defendants were the product of fraud in the inducement and, by this claim for relief, intends no express or implied ratification thereof, nor does Plaintiff repudiate or disavow same at this juncture. As alleged hereinabove, all claims for relief set forth herein are alleged in the alternative, without prejudice to other claims, relief, or remedies. No ratification of any written agreement is, therefore, express or implied herein.

28. The agreements alleged hereinabove, including but not limited to, the Operating Agreement, Restated Operating Agreement, Distributor Agreement, and MOU, together with other oral representations and promises made by Defendants, constituted agreements which Plaintiff believed were supported by mutual consideration, even though it has turned out that Defendants' promises given in consideration for Plaintiff's large infusions of capital and other performance, were, in large measure, illusory.

29. Plaintiff has performed all covenants required of it, and any conditions precedent or concurrent to Defendants performing their obligations under the agreements have been satisfied, except where Defendants have frustrated, inhibited, or prevented Plaintiff from performing, kept such conditions from occurring, or have materially breached their obligations.

30. Defendants, however, have materially breached their obligations under the agreements, and refuse to perform same, without cause, excuse, or legal justification.

31. As a legal result of Defendants' breaches of the agreements, Plaintiff has sustained compensatory damages in a sum to be proven at time of trial.

## VII.

## THIRD CLAIM FOR RELIEF

Intentional Interference With Contractual Relations

(Against Defendants Manuel Cisneros, Bertha, Operadora, And Lanz)

32. Plaintiff realleges and incorporates by reference all allegations of its Second Claim for Relief as if each such allegation was set forth again at this place in *haec verba*.

33. As alleged hereinabove, the Operating Agreement and Restated Operating Agreement specified that Plaintiff possessed exclusive distribution rights to products of the Don Manuel Enterprise in the United States and Canada. The non-signatory Defendants on said agreements have intentionally prevented Plaintiff from enjoying these rights, by inducing the signatory defendants to breach this aspect of said agreements. Further, the individual Defendants have intentionally interfered with the Distributor Agreement between Plaintiff and OPERADORA, causing OPERADORA not to honor said Distributor Agreement but, instead, to actually distribute products in the United States through third parties, in contravention of Plaintiff's exclusive distribution rights.

34. In addition, the Operating Agreement and Restated Operating Agreement obligate the signatory Defendants thereto to convey the recipe for *birria* to one of Plaintiff's Members, to be held for Plaintiff's benefit. The non-signatory Defendants to those agreements have prevented that material aspect of the aforementioned agreements from being fulfilled, by intentionally causing the signatory Defendants to refuse to comply with that obligation.

35. As a legal result of Defendants' interference with Plaintiff's contractual rights, Plaintiff has sustained damages in a sum to be proven at time of trial.

36. Defendants' intentional interference with contractual rights was malicious, fraudulent, and oppressive, thereby entitling Plaintiff to an award of punitive damages against Defendants in a sum sufficient to punish said conduct, and deter future repetitions of same.

///

///

## VIII.

## FOURTH CLAIM FOR RELIEF

For Intentional Interference With Contractual Relations

(Against Defendants Manuel Cisneros, Bertha, Operadora, And Lanz)

37. Plaintiff realleges and incorporates by reference all allegations of its Third Claim for Relief as if each such allegation was set forth again at this place in *haec verba*.

38. Defendants were and are expressly aware of their co-Defendants' promises whereby, in exchange for Plaintiff's contributions of money to certain Defendants and the Don Manuel Enterprise, said co-Defendants promised to issue valid and legal shares in OPERADORA.

39. Defendants are aware that the stock in OPERADORA purportedly issued to Plaintiff and/or its principals is not legally or validly issued and, further, are aware of Plaintiff's demands that Defendants take the appropriate steps to issue or transfer valid shares.

40. Defendants herein, however, desire to secure the Don Manuel Enterprise, and its assets, for themselves, and to the exclusion of Plaintiff, despite these Defendants' complete and specific comprehension of the aforementioned promises entitling Plaintiff and its principals to valid OPERADORA stock.

41. Accordingly, Defendants have threatened, bullied, and pressured their co-Defendants not to honor their promises and obligations, so that these Defendants can obtain for themselves the benefits, value, and assets of the Don Manuel Enterprise. Plaintiff is informed and believe that Defendants' threats and manipulation are a substantial factor in causing their co-Defendants herein to disregard and breach their obligations to Plaintiff concerning the OPERADORA shares.

42. As a legal result of Defendants' interference with Plaintiff's rights to the OPERADORA shares, Plaintiff has sustained compensatory damages in a sum to be proven at time of trial.

43. Defendants' conduct in intentionally interfering with Plaintiff's rights is fraudulent, malicious, and oppressive, thereby entitling Plaintiff to an award of punitive

damages against Defendants sufficient to punish said despicable conduct, and deter future similar repetitions of same.

**IX.**

**FIFTH CLAIM FOR RELIEF**

For Specific Performance

(Against Defendants Manuel Cisneros, Bertha, Operadora, and Lanz)

44. Plaintiff realleges and incorporates by reference all allegations of its Fourth Claim for Relief as if each such allegation was set forth again at this place in *haec verba*.

45. As alleged hereinabove, and incorporated herein, Defendants have agreed that terms of the agreements are specifically enforceable.

46. In addition, Plaintiff has no plain, speedy, or adequate remedy at law to procure the recipe, obtain the stock in OPERADORA which Defendants promised to issue, or to keep Defendants from violating Plaintiff's exclusive distribution rights. Plaintiff alleges that damages would be inadequate to fully compensate Plaintiff for Defendants' failure to perform their obligations for numerous reasons including, but not limited to: (1) the fact that, absent valid stock in OPERADORA, neither Plaintiff nor its principals have any mechanism to obtain the information necessary to determine what OPERADORA's operations and profits are, (2) that, if Plaintiff's exclusive distribution rights continue to be violated, the United States market for *birria* may be irreparably destroyed, and Plaintiff's position as sole entitled marketer thereof will be diluted, potentially foreclosing Plaintiff from ever realizing economic value from the exclusive distribution rights it paid for, (3) that quantification of the damages Plaintiff sustains by virtue of violation of its exclusive distribution rights will be difficult, impossible, or overly-speculative, (4) that Plaintiff cannot even mitigate its damages by making other arrangements to procure, or itself manufacture, the *birria* product without the recipe, and (5) that Defendants, as foreign nationals, may effectively sequester all assets and profits from their illegal course of conduct, thereby rendering it impossible for Plaintiff to ever obtain recompense, even if Plaintiff obtains a money judgment against one or more of said parties.

47. As a result of Defendants' stipulation that specific performance is appropriate, and in light of the fact that, in the absence of specific performance, Plaintiff will sustain irreparable injury, Plaintiff is entitled to specific performance of Defendants' agreements.

X.

**SIXTH CLAIM FOR RELIEF**

For Constructive Trust

(Against Defendants Manuel Cisneros, Bertha, Operadora, and Lanz)

48. Plaintiff realleges and incorporates by reference all allegations of its Fifth Claim for Relief as if each such allegation was set forth again at this place in *haec verba*.

49. Plaintiff's funds were given to Defendants in reliance upon Defendants' promises concerning the use thereof for specified purposes which would benefit Plaintiff.

50. Specifically, but without limitation, and as alleged hereinabove and incorporated herein, Defendants' promised, in exchange for the receipt of large sums of money, that the *birria* recipe would be conveyed for Plaintiff's benefit, that Plaintiff would have exclusive distribution rights in the United States and Canada, and that shares in OPERADORA would be issued as promised.

51. As alleged hereinabove, and incorporated herein, Defendants have marketed *birria* in Plaintiff's exclusive territory in contravention of their obligations and promises. Defendants have also refused to convey the recipe or the OPERADORA shares, as also required.

52. Accordingly, in equity and good conscience, Plaintiff is entitled to a constructive and/or resulting trust on: (1) any funds, accounts receivable, or other consideration obtained by or owed to Defendants for sales, distribution, or marketing of *birria* in the United States, (2) the recipe for *birria*, and any funds, consideration, or other items of value obtained by Defendants in purported sale or license of the *birria* recipe, and (3) any shares of OPERADORA stock validly issued and outstanding, up to the percentage Defendants were required to convey.

///

## XI.

## SEVENTH CLAIM FOR RELIEF

For Injunctive Relief

(Against Defendants Manuel Cisneros, Bertha, Operadora, And Lanz)

53. Plaintiff realleges and incorporates by reference all allegations of its Sixth Claim for Relief as if each such allegation was set forth again at this place in *haec verba*.

54. As alleged hereinabove, and incorporated herein, Defendants have distributed, continue to distribute, and intend to continue distributing, *birria* and, potentially, other covered products, in Plaintiff's exclusive territory in violation of Plaintiff's exclusive rights.

55. Plaintiff has no plain, speedy, or adequate remedy at law to prevent said continuing violations and, in the absence of conjunctive relief, will sustain irremediable injury as a consequence of Defendants' continuing course of conduct in violation of Plaintiff's exclusive distribution rights.

56. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief prohibiting Defendants, and any persons, parties or entities acting in concert with them, from violating Plaintiff's exclusive distribution rights.

57. As alleged hereinabove, and incorporated herein by reference, Plaintiff also has no plain, speedy, or adequate remedy at law to procure the promised recipe for *birria*, nor the shares in OPERADORA and, in the absence of injunctive relief, will sustain irremediable injury by virtue of Defendants' refusal to honor these promises as well.

58. Accordingly, Plaintiff is entitled to injunctive relief prohibiting Defendants from refusing to convey the *birria* recipe, and refusing to issue good and valid stock in OPERADORA.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For compensatory damages according to proof, but in excess of $1,000,000;
2. For punitive damages according to proof;

3. For a temporary restraining order, preliminary injunction, and permanent injunction restraining Defendants, and any persons, or entities working in concert with them, from violating Plaintiff's exclusive distribution rights, from refusing to convey the *birria* recipe, and from refusing to issue the valid shares in OPERADORA;

4. For specific performance of Defendants' obligations to honor Plaintiff's exclusive distribution territory in the United States and Canada, to convey the *birria* recipe to Smithfield Foods, and to issue and to take all steps necessary to issue valid and legal shares in OPERADORA to Plaintiff or its principals;

5. For a constructive trust on any profits, consideration, or other items of value received by Defendants, or anyone working in concert with them, from violations of Plaintiff's exclusive distribution rights, for a constructive trust on the *birria* recipe, or any consideration received in exchange for purported sale or license thereof, and for a constructive trust on any shares of OPERADORA or, in the alternative, on any of Defendants' assets up to the value of the OPERADORA shares;

6. For interest on all sums at the maximum applicable legal rate, or according to contract;

7. For attorney's fees according to proof;

8. For such other and further relief as the Court may deem just and proper.

Dated: March 14, 2008

Donald A. Vaughn
VAUGHN & VAUGHN
Attorneys for Plaintiff
DON MANUEL FOODS, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demand trial by jury on all claims contained herein pursuant to the Seventh Amendment to the United States Constitution and Fed. R. Civ. P., Rules 38(b) and (d).

Dated: March 14, 2008

Donald A. Vaughn
VAUGHN & VAUGHN
Attorneys for Plaintiff
DON MANUEL FOODS, LLC

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148774 - SH**
*** * C O P Y * ***
**March 14, 2008**
**11:08:02**

**Civ Fil Non-Pris**
USAO #.: 08CV0475
Judge..: NAPOLEON A JONES, JR
Amount.: $350.00 CK
Check#.: BC8640

**Total-> $350.00**

FROM: DON MANUEL FOODS LLC V.
MANUEL CISNEROS ROMERO

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 MAR 14 AM 11:06 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA DEPUTY

## I. (a) PLAINTIFFS

DON MANUEL FOODS, LLC

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Donald A. Vaughn, Esq., VAUGHN & VAUGHN
501 West Broadway, Ste. 750, San Diego, CA 92101 (619) 237-1717

## DEFENDANTS

MANUEL CISNEROS ROMERO; BERTHA ALICIA SALCEDO LOPEZ; OPERADORA de COCINAS del MEXICO SA de CV; MIGUEL LANZ

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): '08 CV 0475 J WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☒ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. §1332(a)

Brief description of cause:
Business fraud

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $1,500,000 plus fees

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ________ DOCKET NUMBER ________

DATE: 03/14/2008

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 148774 AMOUNT $350 APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

SBL 3/14/08

CR