Frank L. Tobin, Esq. (Bar No. 166344)
flt@procopio.com
Barry F. Soalt, Esq. (Bar No. 171651)
bfs@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: (619) 238-1900
Facsimile: (619) 235-0398

Attorneys for Defendants MANUEL CISNEROS ROMERO, an individual; and OPERADORA de COCINAS En MEXICO S.A. de C.V., a business entity

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DON MANUEL FOODS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL CISNEROS ROMERO, an individual; BERTHA ALICIA SALCEDO LOPEZ, an individual; OPERADORA de COCINAS En MEXICO S.A. de C.V., a business entity; MIGUEL LANZ, an individual,<br><br>Defendants. | Case No.: 08-CV-0475 LAB (WMc)<br><br>DEFENDANT OPERADORA DE COCINAS S.A. DE C.V.'S ANSWER TO PLAINTIFF'S COMPLAINT<br><br>Complaint filed: March 14, 2008 |

Defendant Operadora de Cocinas En Mexico S.A. de C.V. ("Operadora") answers the complaint of Don Manuel Foods, LLC ("Plaintiff") and states:

1. Operadora is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the complaint, and therefore denies same.

2. Operadora is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the complaint, and therefore denies same.

3. Operadora denies the allegations of paragraph 3 of the complaint.

4. Paragraph 4 of the complaint includes pleading matters that do not require a response and, as plead, Operadora otherwise has insufficient information or belief as to whether to admit or deny the remaining allegations in paragraph 4 of the complaint and on that basis

denies same.

5. Paragraph 5 of the complaint includes pleading matters that do not require a response and, as plead, Operadora has otherwise insufficient information or belief as to whether to admit or deny the remaining allegations in paragraph 5 of the complaint and on that basis denies same.

6. Operadora is without knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of the counterclaim and therefore denies same.

7. With regard to the allegations in paragraph 7 of the complaint, Operadora admits that Defendant Cisneros is a citizen of the Republic of Mexico who resides in or around the city of Ensenada in the state of Baja California. The remainder of the allegations in paragraph 7 are vague and ambiguous and therefore Operadora is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 7 of the complaint and therefore denies same.

8. Operadora admits the allegations contained in paragraph 8 of the complaint.

9. With regard to the allegations in paragraph 9 of the complaint, Operadora admits that Defendant Operadora de Cocinas En Mexico S.A. de C.V. (“Operadora”) is a Sociedad Anonima. Operadora is located in Baja California. Because the remaining allegations of paragraph 9 of the complaint are vague and ambiguous, Operadora is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint and therefore denies same.

10. With regard to the allegations in paragraph 10 of the complaint, Operadora admits that Miguel Lanz Paredes (“Lanz”) is a citizen of the Republic of Mexico. Operadora admits that Lanz is Secretary of Operadora.

11. Operadora denies the allegations in paragraph 11 of the complaint.

12. With regard to the allegations in paragraph 12 of the complaint, Operadora has a product known as “birria.” Operadora denies the remaining allegations in paragraph 12 of the complaint.

13. With regard to the allegations in paragraph 13 of the complaint, Operadora asserts

that the language in the operating agreement speaks for itself. Operadora denies the remaining allegations in paragraph 13 of the counterclaim and disputes whether the operating agreement is enforceable.

14. Operadora admits that the language of the distributor agreement speaks for itself. Operadora denies the remaining allegations in paragraph 14 of the complaint and disputes that the distributor agreement is enforceable.

15. With regard to paragraph 15 of the complaint, Operadora admits that the language of the Restated Operating Agreement speaks for itself. Operadora denies the remaining allegations in paragraph 15 of the complaint and disputes that the Restated Operating Agreement is enforceable for reasons including but not limited to the fact that Smithfield Foods, Inc. never signed the Restated Operating Agreement and Smithfield being a party to the Restated Operating Agreement was a material condition of the Restated Operating Agreement.

16. With regard to paragraph 16 of the complaint, Operadora admits that the language of the Memorandum of Understanding speaks for itself. Operadora denies the remaining allegations of paragraph 16 of the complaint and disputes that the Memorandum of Understanding is enforceable.

17. Operadora denies the allegations in paragraph 17 of the complaint.

18. In response to paragraph 18 of the complaint, Operadora admits and denies the allegations in paragraph 18 in the same manner as in Operadora's responses to paragraphs 1 through 17 and fully realleges and incorporates these paragraphs herein by reference.

19. Operadora denies the allegations in paragraph 19 of the complaint.

20. Operadora denies the allegations in paragraph 20 of the complaint.

21. Operadora denies the allegations in paragraph 21 of the complaint.

22. Operadora denies the allegations in paragraph 22 of the complaint.

23. Operadora denies the allegations in paragraph 23 of the complaint.

24. Operadora denies the allegations in paragraph 24 of the complaint.

25. Operadora denies the allegations in paragraph 25 of the complaint.

26. In response to paragraph 26 of the complaint, Operadora admits and denies the

allegations in paragraph 26 in the same manner as in Operadora's responses to paragraphs 1 through 25, and fully realleges and incorporates these paragraphs herein by reference.

27. Operadora denies the allegations in paragraph 27 of the complaint.

28. Operadora denies the allegations in paragraph 28 of the complaint.

29. Operadora denies the allegations in paragraph 29 of the complaint.

30. Operadora denies the allegations in paragraph 30 of the complaint.

31. Operadora denies the allegations in paragraph 31 of the complaint.

32. In response to paragraph 32 of the complaint, Operadora admits and denies the allegations in paragraph 32 in the same manner as in Operadora's responses to paragraphs 1 through 31, and fully realleges and incorporates these paragraphs herein by reference.

33. Operadora denies the allegations in paragraph 33 of the complaint.

34. Operadora denies the allegations in paragraph 34 of the complaint.

35. Operadora denies the allegations in paragraph 35 of the complaint.

36. Operadora denies the allegations in paragraph 36 of the complaint.

37. In response to paragraph 37 of the complaint, Operadora admits and denies the allegations in paragraph 37 in the same manner as in Operadora's responses to paragraphs 1 through 36, and fully realleges and incorporates these paragraphs herein by reference.

38. With regard to paragraph 38 of the complaint, Operadora admits that there was discussion about issuance of stock to Arturo Alemany provided certain terms and conditions were met. Operadora denies the remaining allegations in paragraph 38 of the complaint.

39. Operadora denies the allegations in paragraph 39 of the complaint.

40. Operadora denies the allegations in paragraph 40 of the complaint.

41. Operadora denies the allegations in paragraph 41 of the complaint.

42. Operadora denies the allegations in paragraph 42 of the complaint.

43. Operadora denies the allegations in paragraph 43 of the complaint.

44. In response to paragraph 44 of the complaint, Operadora admits and denies the allegations in paragraph 44 in the same manner as in Operadora's responses to paragraphs 1 through 43 and fully realleges and incorporates these paragraphs herein by reference.

45. Operadora denies the allegations in paragraph 45 of the complaint.

46. Operadora denies the allegations in paragraph 46 of the complaint.

47. Operadora denies the allegations in paragraph 47 of the complaint.

48. In response to paragraph 48 of the complaint, Operadora admits and denies the allegations in paragraph 48 in the same manner as in Operadora's responses to paragraphs 1 through 47, and fully realleges and incorporates these paragraphs herein by reference.

49. Operadora denies the allegations in paragraph 49 of the complaint.

50. Operadora denies the allegations in paragraph 50 of the complaint.

51. Operadora denies the allegations in paragraph 51 of the complaint.

52. Operadora denies the allegations in paragraph 52 of the complaint.

53. In response to paragraph 53 of the complaint, Operadora admits and denies the allegations in paragraph 53 in the same manner as in Operadora's responses to paragraphs 1 through 52, and fully realleges and incorporates these paragraphs herein by reference.

54. Operadora denies the allegations in paragraph 54 of the complaint.

55. Operadora denies the allegations in paragraph 55 of the complaint.

56. Operadora denies the allegations in paragraph 56 of the complaint.

57. Operadora denies the allegations in paragraph 57 of the complaint.

58. Operadora denies the allegations in paragraph 58 of the complaint.

59. With regard to the prayer for relief, Operadora denies the prayer for relief in its entirety.

WHEREFORE, Operadora having answered the complaint, demands that it be dismissed with prejudice and that Operadora be awarded the cost of this action, including reasonable attorney's fees and expert fees under applicable law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

Plaintiff's Complaint, and each and every purported cause of action therein, fails to set forth facts sufficient to state a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by all applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff is estopped by its conduct from receiving any relief against Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because on information and belief Plaintiff engaged in conduct and activities sufficient to constitute a waiver of any performance of conditions or any other conduct, if any, as set forth in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by the equitable doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by Plaintiff's failure to mitigate damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unconscionability)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by the doctrine of unconscionability.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred

because it is ambiguous and uncertain, and thus fails to state a claim, in law or equity, against Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because Defendant's conduct was privileged, excused, and/or justified.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because, Plaintiff would be unjustly enriched if allowed to recover from Defendant as a result of the matters alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Setoff)**

Plaintiff's damages, if any, must be reduced to the extent Defendant has valid claims that can be set off against amounts due to Plaintiff, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Performance Excused)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because on information and belief Defendant's performance of any and all agreements, representations, or contracts alleged by Plaintiff was excused and/or prevented by the actions of Plaintiff and/or other parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred

because any sum of money claimed to be due Plaintiff has been extinguished by application of accord and satisfaction.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Punitive Damages)**

Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for punitive damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Damage or Loss)**

Plaintiff has not sustained any losses, damages, or detriment, in any sum or amount whatsoever, as a result of any alleged acts, omissions, fault, fraud, carelessness, recklessness, negligence, or other breach of duty on the part of Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by the statute of frauds.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Reliance)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because Plaintiff, its representatives, and agents did not rely upon any representation made by Defendant and, therefore, any injuries, losses, or damages complained of by Plaintiff, if any, were not occasioned by any representation made by Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Balancing of Conveniences)**

Plaintiff's claims for injunctive relief, if any, are barred based on the doctrine of balancing of conveniences in that the hardship imposed on Defendant is greatly disproportionate to that imposed on Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Changed Circumstances)**

Plaintiff's claims for injunctive relief, if any, are barred from recovery due to changed circumstances.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Adequacy of Remedy at Law)**

Plaintiff is not entitled to equitable relief because there is an adequate remedy at law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Breach of the Covenant of Good Faith and Fair Dealing)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because of Plaintiff's breach of the covenant of good faith and fair dealing.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Basis for Attorneys' Fees)**

Plaintiff has not stated a proper claim for the recovery of reasonable attorneys' fees and costs for the prosecution herein of this case.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiffs' Conduct)**

Defendant alleges that the sole proximate cause of Plaintiffs' damages, if any, is the conduct of Plaintiffs and/or their agents and that all damages would have been avoided if Plaintiffs and/or their agents had not conducted themselves in the manner that they did.

/ / /

/ / /

/ / /

**<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>**

**(Additional Defenses)**

Defendant alleges that it may have additional defenses currently unknown to it which may be ascertained during the course of this proceeding. Defendant, therefore, reserves the right to assert additional defenses should it become desirable or necessary to do so to conform to proof.

DATED: May 30, 2008

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Frank L. Tobin
Frank L. Tobin, Esq.
Barry F. Soalt, Esq.
Attorneys for Defendants
MANUEL CISNEROS ROMERO and
OPERADORA de COCINAS En MEXICO
S.A. de C.V.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 530 "B" Street, Suite 2100, San Diego, California 92101. On May 30, 2008, I served the within documents:

**OPERADORA de COCINAS S.A. de C.V.'s ANSWER TO PLAINTIFF'S COMPLAINT**

[X] by causing staff to file/serve on my behalf of foregoing document(s) with the Clerk of the Court for the U.S. District Court, Southern District of California, using the Electronic Case Filing ("ECF") system of the Court. The attorney(s) listed below have consented to receive serve by electronic means and was serve d a "Notice of Electronic Filing" sent by the ECF system.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Donald A. Vaughn, Esq.
vandvlaw@pacbell.net
Micah Myrmo, Esq.
Vaughn & Vaughn
501 W Broadway #750
San Diego, CA, 92101-8529
Telephone (619)237-1717
Facsimile: (619)237-0447

[ ] *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] *(Federal)* I declare that I am a member of the bar of this court.

Executed on May 30, 2008, at San Diego, California.

/s/ *Frank L. Tobin*
Frank L. Tobin