Frank L. Tobin, Esq. (Bar No. 166344)
flt@procopio.com
Barry F. Soalt, Esq. (Bar No. 171651)
bfs@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: (619) 238-1900
Facsimile: (619) 235-0398

Attorneys for Defendants MANUEL CISNEROS ROMERO, an individual; and OPERADORA de COCINAS En MEXICO S.A. de C.V., a business entity

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DON MANUEL FOODS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL CISNEROS ROMERO, an individual; BERTHA ALICIA SALCEDO LOPEZ, an individual; OPERADORA de COCINAS En MEXICO S.A. de C.V., a business entity; MIGUEL LANZ, an individual,<br><br>Defendants. | Case No.: 08-CV-0475 LAB (WMc)<br><br>DEFENDANT AND CROSS-COMPLAINANT MANUEL CISNEROS ROMERO'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT<br><br>Complaint filed: March 14, 2008 |
| MANUEL CISNEROS ROMERO, an individual<br><br>Cross-Complainant,<br><br>v.<br><br>DON MANUEL FOODS, LLC, a Nevada limited liability company and DOES 1-10,<br><br>Cross-Defendant. | |

Defendant Manuel Cisneros Romero ("Romero") answers the complaint of Don Manuel Foods, LLC ("Plaintiff") and states:

1. Romero is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the complaint, and therefore denies same.

2. Romero is without knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the complaint, and therefore denies same.

3. Romero denies the allegations of paragraph 3 of the complaint.

4. Paragraph 4 of the complaint includes pleading matters that do not require a response and, as plead, Romero otherwise has insufficient information or belief as to whether to admit or deny the remaining allegations in paragraph 4 of the complaint and on that basis denies same.

5. Paragraph 5 of the complaint includes pleading matters that do not require a response and, as plead, Romero has otherwise insufficient information or belief as to whether to admit or deny the remaining allegations in paragraph 5 of the complaint and on that basis denies same.

6. Romero is without knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of the counterclaim and therefore denies same.

7. With regard to the allegations in paragraph 7 of the complaint, Romero admits that he is a citizen of the Republic of Mexico who resides in or around the city of Ensenada in the state of Baja California. The remainder of the allegations in paragraph 7 are vague and ambiguous and therefore Romero is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 7 of the complaint and therefore denies same.

8. Romero admits the allegations contained in paragraph 8 of the complaint.

9. With regard to the allegations in paragraph 9 of the complaint, Romero admits that Defendant Operadora de Cocinas En Mexico S.A. de C.V. ("Operadora") is a Sociedad Anonima. Operadora is located in Baja California. Because the remaining allegations of paragraph 9 of the complaint are vague and ambiguous, Romero is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint and therefore denies

same.

10. With regard to the allegations in paragraph 10 of the complaint, Romero admits that Miguel Lanz Paredes ("Lanz") is a citizen of the Republic of Mexico. Romero admits that Lanz is Secretary of Operadora.

11. Romero denies the allegations in paragraph 11 of the complaint.

12. With regard to the allegations in paragraph 12 of the complaint, Operadora has a product known as "birria." Romero denies the remaining allegations in paragraph 12 of the complaint.

13. With regard to the allegations in paragraph 13 of the complaint, Romero asserts that the language in the operating agreement speaks for itself. Romero denies the remaining allegations in paragraph 13 of the counterclaim and disputes whether the operating agreement is enforceable.

14. Romero admits that the language of the distributor agreement speaks for itself. Romero denies the remaining allegations in paragraph 14 of the complaint and disputes that the distributor agreement is enforceable.

15. With regard to paragraph 15 of the complaint, Romero admits that the language of the Restated Operating Agreement speaks for itself. Romero denies the remaining allegations in paragraph 15 of the complaint and disputes that the Restated Operating Agreement is enforceable for reasons including but not limited to the fact that Smithfield Foods, Inc. never signed the Restated Operating Agreement and Smithfield being a party to the Restated Operating Agreement was a material condition of the Restated Operating Agreement.

16. With regard to paragraph 16 of the complaint, Romero admits that the language of the Memorandum of Understanding speaks for itself. Romero denies the remaining allegations of paragraph 16 of the complaint and disputes that the Memorandum of Understanding is enforceable.

17. Romero denies the allegations in paragraph 17 of the complaint.

18. In response to paragraph 18 of the complaint, Romero admits and denies the allegations in paragraph 18 in the same manner as in Romero's responses to paragraphs 1 through

17 and fully realleges and incorporates these paragraphs herein by reference.

19. Romero denies the allegations in paragraph 19 of the complaint.

20. Romero denies the allegations in paragraph 20 of the complaint.

21. Romero denies the allegations in paragraph 21 of the complaint.

22. Romero denies the allegations in paragraph 22 of the complaint.

23. Romero denies the allegations in paragraph 23 of the complaint.

24. Romero denies the allegations in paragraph 24 of the complaint.

25. Romero denies the allegations in paragraph 25 of the complaint.

26. In response to paragraph 26 of the complaint, Romero admits and denies the allegations in paragraph 26 in the same manner as in Romero's responses to paragraphs 1 through 25, and fully realleges and incorporates these paragraphs herein by reference.

27. Romero denies the allegations in paragraph 27 of the complaint.

28. Romero denies the allegations in paragraph 28 of the complaint.

29. Romero denies the allegations in paragraph 29 of the complaint.

30. Romero denies the allegations in paragraph 30 of the complaint.

31. Romero denies the allegations in paragraph 31 of the complaint.

32. In response to paragraph 32 of the complaint, Romero admits and denies the allegations in paragraph 32 in the same manner as in Romero's responses to paragraphs 1 through 31, and fully realleges and incorporates these paragraphs herein by reference.

33. Romero denies the allegations in paragraph 33 of the complaint.

34. Romero denies the allegations in paragraph 34 of the complaint.

35. Romero denies the allegations in paragraph 35 of the complaint.

36. Romero denies the allegations in paragraph 36 of the complaint.

37. In response to paragraph 37 of the complaint, Romero admits and denies the allegations in paragraph 37 in the same manner as in Romero's responses to paragraphs 1 through 36, and fully realleges and incorporates these paragraphs herein by reference.

38. With regard to paragraph 38 of the complaint, Romero admits that there was discussion about issuance of stock to Arturo Alemany provided certain terms and conditions were

met. Romero denies the remaining allegations in paragraph 38 of the complaint.

39. Romero denies the allegations in paragraph 39 of the complaint.

40. Romero denies the allegations in paragraph 40 of the complaint.

41. Romero denies the allegations in paragraph 41 of the complaint.

42. Romero denies the allegations in paragraph 42 of the complaint.

43. Romero denies the allegations in paragraph 43 of the complaint.

44. In response to paragraph 44 of the complaint, Romero admits and denies the allegations in paragraph 44 in the same manner as in Romero's responses to paragraphs 1 through 43 and fully realleges and incorporates these paragraphs herein by reference.

45. Romero denies the allegations in paragraph 45 of the complaint.

46. Romero denies the allegations in paragraph 46 of the complaint.

47. Romero denies the allegations in paragraph 47 of the complaint.

48. In response to paragraph 48 of the complaint, Romero admits and denies the allegations in paragraph 48 in the same manner as in Romero's responses to paragraphs 1 through 47, and fully realleges and incorporates these paragraphs herein by reference.

49. Romero denies the allegations in paragraph 49 of the complaint.

50. Romero denies the allegations in paragraph 50 of the complaint.

51. Romero denies the allegations in paragraph 51 of the complaint.

52. Romero denies the allegations in paragraph 52 of the complaint.

53. In response to paragraph 53 of the complaint, Romero admits and denies the allegations in paragraph 53 in the same manner as in Romero's responses to paragraphs 1 through 52, and fully realleges and incorporates these paragraphs herein by reference.

54. Romero denies the allegations in paragraph 54 of the complaint.

55. Romero denies the allegations in paragraph 55 of the complaint.

56. Romero denies the allegations in paragraph 56 of the complaint.

57. Romero denies the allegations in paragraph 57 of the complaint.

58. Romero denies the allegations in paragraph 58 of the complaint.

59. With regard to the prayer for relief, Romero denies the prayer for relief in its

entirety.

WHEREFORE, Romero having answered the complaint, demands that it be dismissed with prejudice and that Romero be awarded the cost of this action, including reasonable attorney's fees and expert fees under applicable law.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

Plaintiff's Complaint, and each and every purported cause of action therein, fails to set forth facts sufficient to state a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by all applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff is estopped by its conduct from receiving any relief against Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because on information and belief Plaintiff engaged in conduct and activities sufficient to constitute a waiver of any performance of conditions or any other conduct, if any, as set forth in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by the equitable doctrine of unclean hands.

/ / /

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by Plaintiff's failure to mitigate damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unconscionability)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by the doctrine of unconscionability.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because it is ambiguous and uncertain, and thus fails to state a claim, in law or equity, against Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because Defendant's conduct was privileged, excused, and/or justified.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because, Plaintiff would be unjustly enriched if allowed to recover from Defendant as a result of the matters alleged in the Complaint.

/ / /

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

**(Setoff)**

Plaintiff's damages, if any, must be reduced to the extent Defendant has valid claims that can be set off against amounts due to Plaintiff, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Performance Excused)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because on information and belief Defendant's performance of any and all agreements, representations, or contracts alleged by Plaintiff was excused and/or prevented by the actions of Plaintiff and/or other parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because any sum of money claimed to be due Plaintiff has been extinguished by application of accord and satisfaction.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Punitive Damages)**

Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for punitive damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Damage or Loss)**

Plaintiff has not sustained any losses, damages, or detriment, in any sum or amount whatsoever, as a result of any alleged acts, omissions, fault, fraud, carelessness, recklessness, negligence, or other breach of duty on the part of Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred by

the statute of frauds.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Reliance)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because Plaintiff, its representatives, and agents did not rely upon any representation made by Defendant and, therefore, any injuries, losses, or damages complained of by Plaintiff, if any, were not occasioned by any representation made by Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Balancing of Conveniences)**

Plaintiff's claims for injunctive relief, if any, are barred based on the doctrine of balancing of conveniences in that the hardship imposed on Defendant is greatly disproportionate to that imposed on Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Changed Circumstances)**

Plaintiff's claims for injunctive relief, if any, are barred from recovery due to changed circumstances.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Adequacy of Remedy at Law)**

Plaintiff is not entitled to equitable relief because there is an adequate remedy at law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Breach of the Covenant of Good Faith and Fair Dealing)**

Plaintiff's Complaint, and each and every purported cause of action therein, is barred because of Plaintiff's breach of the covenant of good faith and fair dealing.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Basis for Attorneys' Fees)**

Plaintiff has not stated a proper claim for the recovery of reasonable attorneys' fees and costs for the prosecution herein of this case.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiffs' Conduct)**

Defendant alleges that the sole proximate cause of Plaintiffs' damages, if any, is the conduct of Plaintiffs and/or their agents and that all damages would have been avoided if Plaintiffs and/or their agents had not conducted themselves in the manner that they did.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

Defendant alleges that it may have additional defenses currently unknown to it which may be ascertained during the course of this proceeding. Defendant, therefore, reserves the right to assert additional defenses should it become desirable or necessary to do so to conform to proof.

**COUNTERCLAIM AGAINST DMF AND DOES 1 THROUGH 10**

Counter-Claimant Manuel Cisneros Romero ("Romero") by and through its attorneys of record for his counterclaim alleges as follows:

**THE PARTIES**

1. Counter-Claimant Romero is an individual who is a citizen of the Republic of Mexico who resides in or around the city of Ensenada in the State of Baja California.

2. Counter-Defendant Don Manuel Foods, LLC ("DMF" or "Counter-Defendant") is a limited liability company organized and existing pursuant to the laws of the State of Nevada, in the Unites States of America. DMF's principal place of business is located within the County of San Diego, State of California.

3. The true names and capacities whether individual, corporate, associate or otherwise of Does 1 through 10 are unknown to Counter-Claimant, who therefore sues said Counter-Defendants by such fictitious names. Counter-Claimant is informed and believes and thereon alleges that each of said Counter-Defendants are in some manner responsible for the events and happenings herein alleged, either contractually or tortiously, and caused the damage to Counter-Claimant as herein alleged. Counter-Claimant will amend this counterclaim to allege such true names and capacities when same are ascertained.

4. Based on information and belief, and at all relevant times, each Counter-Defendant was an agent, principal, employer, employee, representative, part and/or associate of each other Counter-Defendant, and acted within its course and scope of said agency, employment, representation or association in doing or failing to do the subject acts and omissions, which were authorized, known, and ratified by each other Counter-Defendant. Counter-Defendants conspired together to accomplish the wrongdoing alleged herein and are vicariously liable for the acts and/or omissions of each other Counter-Defendant

## JURISDICTION

5. The instant action is between a U.S. limited liability company and a foreign national concerning a dispute in which the amount in controversy exceeds $75,000, thereby conferring jurisdiction upon this Court pursuant to 28 U.S.C. § 1332(A).

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Romero is a citizen of Mexico and is a principal in Operadora de Cocinas En Mexico S.A. de C.V. which manufactures food products.

7. Don Manuel Foods, LLC is a limited liability company that was organized for the purpose of distributing food products manufactured by Operadora into the United States and Canada. Arturo Alemany ("Alemany") is a resident of San Diego, California and Romero is informed and believes that Alemany is a principal in Zaliance, Inc., a Florida corporation, and is a manager of Don Manuel Foods, LLC.

8. From at least as early as 2006, Mr. Alemany approached Romero to outline a business deal whereby an LLC formed in the United States would distribute products produced by Operadora into the United States. In connection with this deal, Mr. Alemany represented that one of the potential investors and members of the LLC would be Smithfield Foods, Inc. ("Smithfield Foods"). Smithfield Foods is a large international producer of pork products. Operadora utilizes pork and other meat products in connection with the food it manufactures. Relying on Mr. Alemany's representations that certain investors, including Smithfield Foods, Inc. would enter into the business arrangement whereby the LLC would serve as distributor of Operadora's products in the United States and Canada, Romero, who does not understand or read English,

signed a number of purported agreements. These purported documents include but are not limited to the Operating Agreement of Don Manuel Foods, LLC, the Distributor Agreement, the Amended and Restated Operating Agreement of Don Manuel Foods, LLC and the Memorandum of Understanding. Even though Romero signed the Amended and Restated Operating Agreement of Don Manuel Foods, LLC, Smithfield Foods did not. A material term of the Amended and Restated Operating Agreement of Don Manuel Foods, LLC was Smithfield Foods' participation. Since Smithfield Foods did not participate, the Amended and Restated Operating Agreement of Don Manuel Foods, LLC is of no force and effect. Romero asserts that all other agreements that Romero was induced to enter into are of no force and effect. In addition, the Memorandum of Understanding does not bind Operadora because the requisite number of Operadora's signatures were not obtained.

9. Despite the fact that Don Manuel Foods LLC never obtained Smithfield Foods as a member nor as a party to any of the agreements, DMF has nonetheless filed the complaint in this matter against Romero. Romero is now entitled to seek judicial dissolution of DMF as well as indemnification from DMF with regard to the underlying complaint in this matter.

**FIRST CAUSE OF ACTION**

(Indemnity)

10. Counter-Claimant incorporates each and every allegation in paragraphs 1 through 9 above as fully set forth herein.

11. Romero is entitled to indemnification from DMF based on grounds including but not limited to Nevada Revised Statutes 86.421 and paragraph 4.5 of the Operating Agreement of DMF. Such indemnification includes all expenses, attorney's fees, costs and damages incurred by Romero as the result of having to defend and respond to the underlying complaint in this matter.

12. Accordingly, Romero seeks from DMF indemnity for all damages and expense caused Romero in having to respond to this litigation.

**SECOND CAUSE OF ACTION**

(Judicial Dissolution)

13. Counter-Claimant incorporates each and every allegation in paragraphs 1 through 12 above as though fully set forth herein.

14. DMF is a Nevada limited liability corporation. NRS 86.495 provides that upon application by or for a member, the court may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business of the company in conformity with the articles of organization or operating agreement.

15. DMF was premised upon Smithfield Foods and other major investors participation in DMF. Nonetheless, Smithfield Foods never became a member of DMF. Because Smithfield Foods never became a member of DMF, never became a party to any of the alleged agreements, and as a result of the parties failure to achieve the intended business arrangement, it is no longer reasonably practicable to carry on the business of DMF in accordance with its articles of organization and operating agreement.

16. Accordingly, Romero seeks judicial dissolution of DMF pursuant to NRS 86.495 and a decree from the Court dissolving DMF in its entirety.

WHEREFORE, Counter-Claimant prays for judgment on its counterclaim herein, in his favor and against Counter-Defendants as follows:

1. For judgment in favor of Counter-Claimant and against each Counter-Defendant, jointly and severally, on each cause of action of the counterclaim directed to them.

2. For general and compensatory damages according to proof against each Counter-Defendant jointly and severally.

3. For attorney’s fees and costs herein incurred as provided under applicable law.

4. For indemnity from Counter-Defendant DMF for any and all costs and damage incurred by Romero for having to respond to this lawsuit.

5. For an order from the Court dissolving DMF in its entirety; and

///

///

6. For such other and further relief as the Court deems just and proper.

DATED: May 30, 2008

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Frank L. Tobin
Frank L. Tobin, Esq.
Barry F. Soalt, Esq.
Attorneys for Defendant and Counter-Claimant MANUEL CISNEROS ROMERO and OPERADORA de COCINAS En MEXICO S.A. de C.V.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 530 "B" Street, Suite 2100, San Diego, California 92101. On May 30, 2008, I served the within documents:

**MANUEL CISNEROS ROMERO'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**

[X] by causing staff to file/serve on my behalf of foregoing document(s) with the Clerk of the Court for the U.S. District Court, Southern District of California, using the Electronic Case Filing ("ECF") system of the Court. The attorney(s) listed below have consented to receive serve by electronic means and was serve d a "Notice of Electronic Filing" sent by the ECF system.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Donald A. Vaughn, Esq.
vandvlaw@pacbell.net
Micah Myrmo, Esq.
Vaughn & Vaughn
501 W Broadway #750
San Diego, CA, 92101-8529
Telephone (619)237-1717
Facsimile: (619)237-0447

[ ] *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] *(Federal)* I declare that I am a member of the bar of this court.

Executed on May 30, 2008, at San Diego, California.

/s/ *Frank L. Tobin*
Frank L. Tobin