**Donald A. Vaughn, Esq. (Bar No. 110070)**
**VAUGHN & VAUGHN**
**501 West Broadway, Suite 750**
**San Diego, CA 92101**
**Telephone: (619) 237-1717**
**Facsimile: (619) 237-0447**

Attorneys for Plaintiff and Counter-defendant
DON MANUEL FOODS, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DON MANUEL FOODS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MANUEL CISNEROS ROMERO, an individual; BERTHA ALICIA SALCEDO LOPEZ, an individual; OPERADORA de COCINAS En MEXICO S.A. de C.V., a business entity; MIGUEL LANZ, an individual,<br><br>Defendants. | Case No. 08cv0475LAB (WMc)<br><br>**ANSWER OF COUNTER-DEFENDANT DON MANUEL FOODS, LLC TO UNVERIFIED COUNTERCLAIM OF MANUEL CISNEROS ROMERO** |
| MANUEL CISNEROS ROMERO, an individual,<br><br>Cross-Complainant,<br><br>v.<br><br>DON MANUEL FOODS, LLC, a Nevada limited liability company and DOES 1-10,<br><br>Cross-Defendant. | |

COMES NOW DON MANUEL FOODS, LLC, a Nevada limited liability company, and in answer to the unverified Counterclaim of MANUEL CISNEROS ROMERO, admits, denies and alleges as follows:

**ANSWER TO COUNTERCLAIM**

1. Answering the allegations of Paragraphs 2 and 6 of the Counterclaim, this Answering Counter-defendant admits the allegations contained therein.

2. Answering the allegations of Paragraphs 4, 5, 11, 12, 14, 15, and 16 of the Counterclaim, this Answering Counter-defendant generally and specifically denies each and every allegation contained in said paragraphs.

3. Answering the allegations of Paragraph 3 of the Counterclaim, this Answering Counter-defendant lacks sufficient information and belief to admit or deny the allegations contained therein on the merits and, basing its denial upon said lack of information and belief, denies generally and specifically each and every allegation contained in said paragraphs.

4. Answering the allegations of Paragraph 1 of the Counterclaim, this Answering Counter-defendant admits that Counterclaimant ROMERO is an individual who is a citizen of the Republic of Mexico. Except as explicitly admitted herein, this Answering Counter-defendant lacks sufficient information or belief to admit the remaining allegations contained in said paragraph and, basing its denial upon said lack of information and belief, denies generally and specifically each and every remaining allegation contained in said paragraph.

5. Answering the allegations of Paragraph 7 of the Counterclaim, this Answering Counter-defendant admits that DON MANUEL FOODS, LLC is a limited liability company, and that it was organized for the purpose of distributing food products in the United States and Canada, including products manufactured by Operadora de Cocinas en Mexico. This Answering Counter-defendant also admits that Arturo Alemany is a resident of San Diego, California. This Answering Counter-defendants lacks sufficient information and belief as to what ROMERO has been informed and believes and, basing its denial on said lack of information and belief, denies each and every remaining allegation contained in said paragraph.

/ / /

6. Answering the allegations of Paragraph 8 of the Counterclaim, this Answering Counter-defendant admits that Operadora utilizes pork and other meat products, admits that ROMERO signed agreements, including an Operating Agreement of Don Manuel Foods, LLC, a Distributor Agreement, and an Amended and Restated Operating Agreement of Don Manuel Foods. Further answering said paragraph, this Answering Counter-defendant lacks sufficient information and belief as to what ROMERO asserts and, basing its denial on said lack of information and belief, denies the portion of said paragraph purporting to recite what ROMERO asserts. Except as expressly admitted herein, this Answering Counter-defendant denies generally and specifically each and every remaining allegation contained in said paragraph.

7. Answering the allegations of Paragraph 9 of the Counterclaim, this Answering Counter-defendant admits that Don Manuel Foods, LLC filed this Complaint against ROMERO and others. Except as expressly admitted herein, this Answering Counter-defendant denies generally and specifically each and every remaining allegation contained in said paragraph.

8. Answering the allegations of Paragraph 10 of the Counterclaim, this Answering Counter-defendant incorporates its previous responses to the allegations contained in Paragraphs 1 through 9 of the Counterclaim, as if restated again at this place *in haec verba*.

9. Answering the allegations of Paragraph 13 of the Counterclaim, this Answering Counter-defendant incorporates its previous responses to the allegations contained in Paragraphs 1 through 12 of the Counterclaim, as if restated again at this place *in haec verba*.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Claim)**

10. As and for a first Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant

alleges that the Counterclaim fails to set forth a claim or cause of action upon which ROMERO could obtain any relief.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

11. As and for a second Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant alleges that ROMERO is estopped by his own conduct, and that with which he is irretrievably charged, from obtaining any of the relief sought in the Counterclaim, or otherwise in law or equity.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

12. As and for a third Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant alleges that ROMERO expressly and/or impliedly waived the claims upon which he seeks relief and that, by virtue of such waiver, ROMERO may not obtain any relief in law or equity.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

13. As and for a fourth Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant alleges that ROMERO's conduct, and that with which he is irretrievably charged, was taken in bad faith, or was otherwise inequitable in relation to the matters for which he seeks recovery and that ROMERO is, therefore, barred from any recovery in law or equity by virtue of application of the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Prior Material Breach)**

14. As and for a fifth Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant

alleges that ROMERO, or those for whose conducts he is irretrievably liable, materially breached obligations in relation to the matters set forth in the Counterclaim and that, by virtue of said prior material breach, this Answering Counter-defendant was, and is, excused from further performance and that ROMERO is, likewise, barred from any recovery sought in his Counterclaim, or otherwise in law or equity.

**SIXTH AFFIRMATIVE DEFENSE**

**(Breach of Duty)**

15. As and for a sixth Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant alleges that ROMERO, or other parties for whom he is irretrievably responsible, breached their duties to this Counter-defendant or its principals, and that, by virtue of such breaches of duty, including but not limited to, the duty of care and duty of loyalty, ROMERO is barred from any recovery sought in his Counterclaim, or otherwise in law or equity.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Promissory Estoppel)**

16. As and for a seventh Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant alleges that ROMERO's conduct induced Counter-defendant and its principals to rely and that, even if no contractual agreement existed, said conduct would be, and is, sufficient to engage ROMERO to act in accordance with his promises under the doctrine of promissory estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Breach of Covenant of Good Faith and Fair Dealing)**

17. As and for a eighth Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant alleges that ROMERO, and others for whom he is irretrievably responsible, breached the implied covenant of good faith and fair dealing present in every agreement and that, by

virtue of such breach, ROMERO is barred from any recovery under the claims purportedly set forth in his Counterclaim, or otherwise in law or equity.

**NINTH AFFIRMATIVE DEFENSE**

**(Bad Conduct of Others)**

18. As and for a ninth Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant alleges that ROMERO conspired, or colluded, or cooperated with other parties, including but not limited to, his co-defendants in the within action, in actions designed to disadvantage Counter-defendant, and that, by virtue of such conduct, ROMERO is responsible for the actions and omissions of said third parties including, but not limited to, his employees, agents, attorneys, and co-conspirators, and that ROMERO is, therefore, barred from any recovery herein, or otherwise in law or equity.

**TENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

19. As and for a tenth Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant alleges that ROMERO, by accepting the benefits under the agreements alleged in his Counterclaim, ratified, adopted, and validated one or more such agreements and that ROMERO is, therefore, barred from any recovery under the theories purportedly set forth in his Counterclaim, or otherwise in law or equity.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Intentional Inequitable Conduct)**

20. As and for a eleventh Affirmative Defense to the Counterclaim, and each purported claim and cause of action set down therein, this Answering Counter-defendant alleges that ROMERO's conduct was intentional, tortious, and beyond mere negligence, thereby foreclosing ROMERO from obtaining any relief sought in his Counterclaim, including but not limited to indemnity or dissolution, or from obtaining any other relief in law or equity.

WHEREFORE, this Answering Counter-defendant prays that Counterclaimant take nothing, that the within Counterclaims be dismissed with prejudice, that this Answering Counter-defendant be awarded its attorney's fees, costs of suit, and all attendant expenses, all with interest at the maximum rate allowed, and for such other and further relief as the Court may deem just and proper.

Dated: June 19, 2008

Respectfully submitted,

/s/ Donald A. Vaughn

Donald A. Vaughn
VAUGHN & VAUGHN
Attorneys for Plaintiff and Counter-defendant
DON MANUEL FOODS, LLC

**Arturo Alemany v. Manuel Cisneros Romero**
United States District Court Case No. 08cv0475LAB (WMc)

## CERTIFICATE OF SERVICE VIA CM/ECF SYSTEM

I hereby certify that on **June 19, 2008**, I electronically filed the document entitled:

**ANSWER OF COUNTER-DEFENDANT DON MANUEL FOODS, LLC TO UNVERIFIED COUNTERCLAIM OF MANUEL CISNEROS ROMERO**

with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System. The Court's CM/ECF system will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Frank L. Tobin, Esq.
Barry F. Soalt, Esq.
Procopio Cory Hargreaves & Savitch, LLP
530 B Street, Suite 2100
San Diego, CA 92101
Tel: (619) 238-1900 / Fax: (619) 235-0398
E:mail: flt@procopio.com
bfs@procopio.com

Counsel for Defendants and Counterclaimants MANUEL CISNEROS ROMERO and OPERADORA de COCINAS En MEXICO S.A. de C.V.

Pursuant to the CM/ECF system, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that I executed this Certificate of Service on **June 19, 2008,** at San Diego, California.

Linne J. Burks

LINNE J. BURKS